**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD BLANCHARD, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JP MORGAN CHASE BANK; US BANK ) <br> N.A.; QUALITY LOAN SERVICES ) <br> CORPORATION; MERSCORP, INC., a ) <br> Virginia Corporation, MORTGAGE ) <br> ELECTRONIC REGISTRATION SYSTEMS, ) <br> INC., a subsidiary of MERSCORP, ) <br> INC., a Delaware corporation; DOES ) <br> I individuals 1-100, inclusive; ) <br> and ROES Corporations 1 to 30, ) <br> inclusive, ) <br> ) <br> Defendants. ) <br> ) | 2:11-cv-01127-ECR-PAL <br><br> **Order** |

Plaintiff is a homeowner alleging predatory lending practices by Defendants. Now pending are a Motion to Dismiss (#7) filed by Defendant Quality Loan Services Corporation, a Motion to Remand(#12) filed by Plaintiff, and a Motion for Declaratory Relief (#30) filed by Plaintiff.

**I. Background**

Plaintiff is the owner of the property at 2503 Vegas Vic Street, Henderson, Nevada ("Subject Property"). (Compl. at 4 (#1-2).) The Subject Property was financed through the execution of a

note and deed of trust promising to repay the sum of $360,000.00 in monthly installments to the Mortgage Store of Denver. (Deed of Trust[1] (#7-1).)  The deed of trust was recorded on September 8, 2006 in the official records of Clark County. (Id.) On September 26, 2006, an assignment of the deed of trust was recorded by The Mortgage Store of Denver in favor of JP Morgan Chase Bank, N.A.. (Sep. 26, 2006 Assignment (#7-2).)

On March 30, 2010, Plaintiff filed a voluntary Chapter 7 bankruptcy petition. (Bankruptcy Docket (#7-3).) An order terminating the automatic stay with respect to the Subject Property was filed on October 29, 2010. (Id.)  Plaintiff's Chapter 7 case was closed on December 8, 2011.

On November 15, 2010, an assignment of the deed of trust was recorded by JP Morgan Chase Bank, N.A. in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Federal National Mortgage Association ("Fannie Mae"). (Nov. 15, 2010 Assignment (#7-4).) On February 4, 2011, an assignment of the deed of trust was recorded by MERS as nominee for Fannie Mae in favor of Fannie Mae. (Feb 4, 2011 Assignment (#7-5).)

On February 14, 2011, a substitution of trustee was recorded by Fannie Mae and appointed Quality Loan Service Corporation ("Quality") as the foreclosure trustee. (Substitution of Trustee (#7-6).) Quality then recorded a notice of default and election to

---

[1] Defendants request judicial notice of the deed of trust, substitution of trustee, election to sell, and other such exhibits. Under Federal Rule of Evidence 201, a court may judicially notice matters of public record. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n. 1 (9th Cir 2004). Therefore, we take judicial notice of these public records.

2

1  sell on February 18, 2011.  (Notice of Default (#7-7).)  On June 2,
2  2011, Quality recorded a notice of sale, scheduling the Subject
3  Property for auction on June 23, 2011.  (Notice of Sale (#7-8).) The
4  sale was postponed.
5      On June 9, 2011, Plaintiff filed this action in state court.
6  On July 7, 2011, Defendants removed the action to this court.  (Pet.
7  for Removal (#1).) On July 16, 2011, Quality filed a Motion to
8  Dismiss (#7).  On July 19, 2011, MERS filed a Joinder (#10) to the
9  Motion to Dismiss (#7).  On July 26, 2011, Plaintiff filed an
10 opposition (#11) to the Motion to Dismiss (#7).  On Jly 27, 2011,
11 Quality replied (#14).
12     On July 26, 2011, Plaintiff filed a Motion to Remand (#12).  On
13 August 9, 2011, MERS filed an opposition (#17) to the Motion to
14 Remand (#12).  On August 18, 2011, Plaintiff replied (#18).
15     On December 1, 2011, Plaintiff filed a Motion for Declaratory
16 Relief (#30).  On December 12, 2011, Quality filed its opposition
17 (#32), and on December 14, 2011, MERS filed its opposition (#33). On
18 January 3, 2012, Plaintiff replied (#36).
19
20                    **II. Motion to Remand (#12)**
21     Plaintiff filed a motion to remand (#12), requesting that this
22 Court remand the action to state court.  Plaintiff focuses on
23 federal question jurisdiction, which is not the basis on which
24 Defendants removed the action.  Plaintiff is alleged to be a
25 resident of Nevada, and Defendants are California, Delaware, and
26 Virginia corporations.  The action is based on Plaintiff's execution
27 of a promissory note in the amount of $360,000.00 and a deed of
28                                  3

trust secured by property.  Because the parties are diverse, and the amount in controversy exceeds $75,000, we must deny Plaintiff's motion (#12).[2]

### III. Motion to Dismiss (#7)

**A. Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions").  On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) (noting that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted).  Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In

---

[2] Nor is there merit to Plaintiff's argument about lack of joinder of all Defendants in the removal.  All defendants who were served at the time of removal joined in the removal, or have since filed joinders.

4

1 re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996)
2 (citation omitted).
3    Although courts generally assume the facts alleged are true,
4 courts do not "assume the truth of legal conclusions merely because
5 they are cast in the form of factual allegations." W. Mining
6 Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly,
7 "[c]onclusory allegations and unwarranted inferences are
8 insufficient to defeat a motion to dismiss." In re Stac Elecs., 89
9 F.3d at 1403 (citation omitted).
10    Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is
11 normally limited to the complaint itself. See Lee v. City of L.A.,
12 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on
13 materials outside the pleadings in making its ruling, it must treat
14 the motion to dismiss as one for summary judgment and give the non-
15 moving party an opportunity to respond. FED. R. CIV. P. 12(d);
16 see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A
17 court may, however, consider certain materials — documents attached
18 to the complaint, documents incorporated by reference in the
19 complaint, or matters of judicial notice — without converting the
20 motion to dismiss into a motion for summary judgment." Ritchie, 342
21 F.3d at 908.
22    If documents are physically attached to the complaint, then a
23 court may consider them if their "authenticity is not contested" and
24 "the plaintiff's complaint necessarily relies on them." Lee, 250
25 F.3d at 688 (citation, internal quotations, and ellipsis omitted).
26 A court may also treat certain documents as incorporated by
27 reference into the plaintiff's complaint if the complaint "refers

28                                    5

1  extensively to the document or the document forms the basis of the
2  plaintiff's claim." Ritchie, 342 F.3d at 908.  Finally, if
3  adjudicative facts or matters of public record meet the requirements
4  of Fed. R. Evid. 201, a court may judicially notice them in deciding
5  a motion to dismiss.  Id. at 909; see FED. R. EVID. 201(b) ("A
6  judicially noticed fact must be one not subject to reasonable
7  dispute in that it is either (1) generally known within the
8  territorial jurisdiction of the trial court or (2) capable of
9  accurate and ready determination by resort to sources whose accuracy
10 cannot reasonably be questioned.").

**B. Discussion**

   1. Plaintiff's Standing

13    Defendants contend that Plaintiff lacks standing to bring
14 several of his claims due to bankruptcy.  Plaintiff filed for
15 Chapter 7 bankruptcy on March 30, 2010, and then filed this action
16 in state court on June 9, 2011.  All of Plaintiff's claims, with the
17 exception of the third claim for wrongful foreclosure, the eighth
18 claim for quiet title, the tenth claim for injunctive relief, and
19 the fourteenth claim for negligent infliction of emotional distress,
20 are based on allegations of predatory lending occurring at the time
21 the loan was originated.  The loan at issue in those claims
22 originated prior to the filing of the bankruptcy petition.
23    Upon the commencement of a bankruptcy case, a bankruptcy estate
24 was created.  11 U.S.C. § 541(a).  The bankruptcy estate includes
25 lawsuits or causes of action that accrued to the debtor prior to the
26 petition date.  See, e.g., In re Lopez, No. CC-11-1274-MkCaPa, 2012
27 WL 603675, at *3 (B.A.P. 9th Cir. Feb. 3, 2012); Matter of Wischan,

6

77 F.3d 875, 877 (5th Cir. 1996).  The bankruptcy trustee has the authority and duty to "collect and reduce to money the property of the estate," including Plaintiff's claims.  11 U.S.C. § 704(a)(1). Unless and until the trustee abandons the claims, they remain property of the estate. 11 U.S.C. § 554(c), (d).  It is undisputed that the trustee never formally abandoned the claims in this action after notice and a hearing.  However, any property scheduled but not otherwise administered at the time of the closing of a case is abandoned to the debtor.  11 U.S.C. § 554(c).  Because the parties have not considered whether the claims in this case originating before the bankruptcy petition was filed have been abandoned, or whether Plaintiff otherwise has standing to pursue those claims, we deny Defendants' request to dismiss those claims due to lack of standing.[3]

### 2. Plaintiff's Non-Prepetition Claims

Defendants also seek to dismiss Plaintiff's non-prepetition claims on the basis that they fail on the merits.

#### a. Third Cause of Action for Wrongful Foreclosure

Plaintiff alleges in his third cause of action for wrongful foreclosure that Defendants failed to review Plaintiff for a HAMP loan modification.  "[L]oan modifications are not an entitlement, but are linked to decisions that result in profits to taxpayers. Congress did not intend to mandate loan modifications."  Williams v.

---

[3] Defendants also make a summary argument that Plaintiff's prepetition claims lack any merit based on previous decisions by this Court.  Because Defendants have not addressed each claim or settled the issue of standing post-bankruptcy, we decline to dismiss the claims in their entirety at this time, but shall grant Defendants additional time in which to file a second motion to dismiss.

7

1  Geithner, No. 09-1959 ADM/JJG, 2009 WL 3757380, at *6 (D. Minn. Nov.
2  9, 2009). Plaintiff is unable to demonstrate that such an allegation
3  forms the basis of a triable claim.
4              b. Seventh Cause of Action for Unjust Enrichment
5       Plaintiff's claim for unjust enrichment fails because there is
6  an express written agreement-the deed of trust-that governs in this
7  case.  Nevada law does not permit a claim for unjust enrichment
8  where an express written contract governs the transaction at issue.
9  Leasepartners Corp. v. Robert L. Brooks Trust, 942 P.2d 182, 187
10 (Nev. 1997) (per curiam).  Thus, Plaintiff's seventh cause of action
11 must be dismissed without leave to amend.
12             c. Eighth Cause of Action to Quiet Title
13      In Nevada, a quiet title action may be brought "by any person
14 against another whom claims an estate or interest in real property,
15 adverse to the person bringing the action, for the purpose of
16 determining such adverse claim." Nev. Rev. Stat. § 40.010.  "In a
17 quiet title action, the burden of proof rests with the plaintiff to
18 prove good title in himself." Breliant v. Preferred Equities Corp.,
19 918 P.2d 314, 318 (Nev. 1996).  "Additionally, an action to quiet
20 title requires a plaintiff to allege that she has paid any debt owed
21 on the property." Lalwani v. Wells Fargo Bank, N.A., No. 2-11-cv-
22 00084, 2011 WL 4574388 at *3 (D. Nev. Sep. 30, 2011) (citing
23 Ferguson v. Avelo Mortg., LLC, No. B223447, 2011 WL 2139143 at *2
24 (Cal. App. 2d June 1, 2011).  Plaintiff has failed to allege that he
25 is not in breach of the loan agreement.  While Plaintiff does not
26 expressly admit to being in default on the loan, the complaint, read
27 as a whole, and taking all allegations in favor of Plaintiff, does
28                                 8

not show even the barest hint of a dispute over whether Plaintiff was in default. Rather, Plaintiff is challenging the procedure with which foreclosure was initiated against him, not that the loan was not in default. Accordingly, the quiet title claim must be dismissed without leave to amend.

d. Tenth Cause of Action for Injunctive Relief

Injunctive relief is a remedy, not a separate cause of action. See, e.g., In re Wal-Mart Wage and Hour Employment Practices Litig., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007). As such, Plaintiff's claim for injunctive relief shall be dismissed with the understanding that if the action survives, injunctive relief may be granted as a remedy upon a showing that such relief would be appropriate.

e. Fourteenth Cause of Action for Negligent Infliction of Emotional Distress

In order to establish a claim for negligent infliction of emotional distress, Plaintiff needs to show "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress." State v. Eighth Judicial Dist. Court ex rel. Cnty. of Clark, 42 P.3d 233, 241 (Nev. 2002). Extreme and outrageous conduct is that which is "'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'" Maduike v. Agency Rent-A-Car, 953 P.2d 24, 26 (Nev. 1998) (citations omitted). Plaintiff's complaint does not do more than quote the legal elements of such a cause of action, nor is any allegation contained in the complaint indicative of the type of extreme and outrageous conduct necessary to sustain such a claim.

9

1 Therefore, Plaintiff's negligent infliction of emotional distress
2 claim must be dismissed without leave to amend.

### IV. Motion for Declaratory Relief (#30)

Plaintiff filed a "Motion for Declaratory Relief to Determine Defendant's True Standing to Collect, Calculations of Payments Demanded by Defendants Pursuant to Notice of Default" (#30).  In his Motion (#30), Plaintiff requests that we grant declaratory relief "to determine if the variable numerical/monetary figures for required payments entered pursuant to statements."  (Mot. for Declaratory Relief at 1 (#30).)  Plaintiff cites various provisions of the tax code that do not apply in this mortgage case.  The trust that those provisions refer to are not related to the deed of trust in this case.  Furthermore, the sufficiency of Plaintiff's claims are under consideration, and Plaintiff is not entitled to declaratory relief at this time.

### V. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's Motion to Remand (#12) is **DENIED**.

**IT IS FURTHER ORDERED** that Quality's Motion to Dismiss (#7) is **GRANTED IN PART AND DENIED IN PART**: Plaintiff's third cause of action for wrongful foreclosure, seventh cause of action for unjust enrichment, eighth cause of action to quiet title, tenth cause of action for injunctive relief, and fourteenth cause of action for negligent infliction of emotional distress are **DISMISSED WITH PREJUDICE**, and Plaintiff's remaining claims shall not be dismissed.

10

1   **IT IS FURTHER ORDERED** that Defendants shall have an additional twenty-eight (28) days within which to file a second motion to dismiss addressing Plaintiff's standing to bring the prepetition claims now his bankruptcy case has been closed, and the merits of those claims, if appropriate.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Declaratory Relief (#30) is **DENIED**.

DATED: March 21, 2012.

_____
UNITED STATES DISTRICT JUDGE

11