**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD BLANCHARD, an individual, | 2:11-cv-01127-ECR-PAL |
| Plaintiff, | |
| vs. | **Amended Order** |
| JP MORGAN CHASE BANK; US BANK N.A.; QUALITY LOAN SERVICES CORPORATION; MERSCORP, INC., a Virginia Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a subsidiary of MERSCORP, INC., a Delaware corporation; DOES I individuals 1-100, inclusive; and ROES Corporations 1 to 30, inclusive, | |
| Defendants. | |

Plaintiff is a homeowner alleging predatory lending practices by Defendants. Now pending are a Motion for Preliminary Injunction (#1-4) filed by Plaintiff, a Motion to Dismiss (#7) filed by Defendant Quality Loan Services Corporation, a Motion to Remand (#12) filed by Plaintiff, and a Motion for Declaratory Relief (#30) filed by Plaintiff.

### I. Background

Plaintiff is the owner of the property at 2503 Vegas Vic Street, Henderson, Nevada ("Subject Property"). (Compl. at 4 (#1-

1  2).)  The Subject Property was financed through the execution of a
2  note and deed of trust promising to repay the sum of $360,000.00 in
3  monthly installments to the Mortgage Store of Denver.  (Deed of
4  Trust[1] (#7-1).)  The deed of trust was recorded on September 8, 2006
5  in the official records of Clark County.  (Id.)  On September 26,
6  2006, an assignment of the deed of trust was recorded by The
7  Mortgage Store of Denver in favor of JP Morgan Chase Bank, N.A..
8  (Sep. 26, 2006 Assignment (#7-2).)

9       On March 30, 2010, Plaintiff filed a voluntary Chapter 7
10 bankruptcy petition.  (Bankruptcy Docket (#7-3).)  An order
11 terminating the automatic stay with respect to the Subject Property
12 was filed on October 29, 2010.  (Id.)  Plaintiff's Chapter 7 case
13 was closed on December 8, 2011.

14      On November 15, 2010, an assignment of the deed of trust was
15 recorded by JP Morgan Chase Bank, N.A. in favor of Mortgage
16 Electronic Registration Systems, Inc. ("MERS") as nominee for
17 Federal National Mortgage Association ("Fannie Mae"). (Nov. 15, 2010
18 Assignment (#7-4).)  On February 4, 2011, an assignment of the deed
19 of trust was recorded by MERS as nominee for Fannie Mae in favor of
20 Fannie Mae.  (Feb 4, 2011 Assignment (#7-5).)

21      On February 14, 2011, a substitution of trustee was recorded by
22 Fannie Mae and appointed Quality Loan Service Corporation
23 ("Quality") as the foreclosure trustee.  (Substitution of Trustee

---

[1] Defendants request judicial notice of the deed of trust, substitution of trustee, election to sell, and other such exhibits. Under Federal Rule of Evidence 201, a court may judicially notice matters of public record. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n. 1 (9th Cir 2004).  Therefore, we take judicial notice of these public records.

2

1  (#7-6).) Quality then recorded a notice of default and election to
2  sell on February 18, 2011.  (Notice of Default (#7-7).)  On June 2,
3  2011, Quality recorded a notice of sale, scheduling the Subject
4  Property for auction on June 23, 2011.  (Notice of Sale (#7-8).) The
5  sale was postponed.

6      On June 9, 2011, Plaintiff filed this action in state court.
7  On June 13, 2011, Plaintiff filed a Motion for Preliminary
8  Injunction (#1-4).  On June 30, 2011, Quality Loan Service
9  Corporation filed an opposition (#1-6) to Plaintiff's Motion for
10 Preliminary Injunction (#1-4).  MERS and US Bank, N.A. joined in the
11 opposition (##2, 29).  On July 7, 2011, Defendants removed the
12 action to this court.  (Pet. for Removal (#1).)

13     On July 16, 2011, Quality filed a Motion to Dismiss (#7).  On
14 July 26, 2011, Plaintiff filed an opposition (#11) to the Motion to
15 Dismiss (#7).  On July 27, 2011, Quality replied (#14).  MERS and US
16 Bank, N.A. joined (##10, 14, 22) in the motion and reply.

17     On July 26, 2011, Plaintiff filed a Motion to Remand (#12).  On
18 August 9, 2011, MERS filed an opposition (#17) to the Motion to
19 Remand (#12).  Quality Loan Services Corporation and U.S. Bank, N.A.
20 joined (##19, 21) in the opposition (#17).  On August 18, 2011,
21 Plaintiff replied (#18).

22     On December 1, 2011, Plaintiff filed a Motion for Declaratory
23 Relief (#30).  On December 12, 2011, Quality filed its opposition
24 (#32), and on December 14, 2011, MERS filed its opposition (#33). On
25 January 3, 2012, Plaintiff replied (#36).
26 /  /  /
27 /  /  /
28
    3

**II. Motion for Preliminary Injunction (#1-4)**

Plaintiff filed a motion for a preliminary injunction (#1-4) in state court, before the action was removed to this Court. Plaintiff requests that the Court issue a preliminary injunction allowing Plaintiff to stay in the Subject Property. Plaintiff's motion (#1-4) states only that he "alleges that they [sic] have a reasonable probability of success on the merits of the case for which compensatory damages are not available and irreparable harm will be suffered should the injunction not be issued."

A preliminary injunction to preserve the status quo is available if it shown that the party seeking it "enjoys a reasonable probability of success on the merits" and that the opposing party's conduct, if allowed to continue, "will result in irreparable harm for which compensatory damage is an inadequate remedy." Dixon v. Thatcher, 742 P.2d 1029, 1029 (Nev. 1987). In foreclosure cases, because "real property and its attributes are considered unique and loss of real property rights generally results in irreparable harm" the second factor of a requisite for a preliminary injunction is often satisfied. Id. at 1030. However, as discussed in the motion to dismiss, Plaintiff has failed to show a reasonable probability of success on the merits. Plaintiff has plainly failed to make any argument in his motion (#1-4), and the allegations in the complaint are largely duplicative of foreclosure claims that this Court has repeatedly found deficient. Therefore, Plaintiff's Motion for Preliminary Injunction (#1-4) must be denied.

/ / /
/ / /

4

### III. Motion to Remand (#12)

Plaintiff filed a motion to remand (#12), requesting that this Court remand the action to state court.  Plaintiff focuses on federal question jurisdiction, which is not the basis on which Defendants removed the action.  Plaintiff is alleged to be a resident of Nevada, and Defendants are California, Delaware, and Virginia corporations.  The action is based on Plaintiff's execution of a promissory note in the amount of $360,000.00 and a deed of trust secured by property.  Because the parties are diverse, and the amount in controversy exceeds $75,000, we must deny Plaintiff's motion (#12).[2]

### IV. Motion to Dismiss (#7)

**A. Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions").  On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S.

---

[2] Nor is there merit to Plaintiff's argument about lack of joinder of all Defendants in the removal.  All defendants who were served at the time of removal joined in the removal, or have since filed joinders.

5

871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) (noting that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the

6

motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

**B. Discussion**

1. Plaintiff's Standing

Defendants contend that Plaintiff lacks standing to bring several of his claims due to bankruptcy. Plaintiff filed for Chapter 7 bankruptcy on March 30, 2010, and then filed this action in state court on June 9, 2011. All of Plaintiff's claims, with the exception of the third claim for wrongful foreclosure, the eighth claim for quiet title, the tenth claim for injunctive relief, and the fourteenth claim for negligent infliction of emotional distress,

7

are based on allegations of predatory lending occurring at the time the loan was originated. The loan at issue in those claims originated prior to the filing of the bankruptcy petition.

Upon the commencement of a bankruptcy case, a bankruptcy estate was created. 11 U.S.C. § 541(a). The bankruptcy estate includes lawsuits or causes of action that accrued to the debtor prior to the petition date. See, e.g., In re Lopez, No. CC-11-1274-MkCaPa, 2012 WL 603675, at *3 (B.A.P. 9th Cir. Feb. 3, 2012); Matter of Wischan, 77 F.3d 875, 877 (5th Cir. 1996). The bankruptcy trustee has the authority and duty to "collect and reduce to money the property of the estate," including Plaintiff's claims. 11 U.S.C. § 704(a)(1). Unless and until the trustee abandons the claims, they remain property of the estate. 11 U.S.C. § 554(c), (d). It is undisputed that the trustee never formally abandoned the claims in this action after notice and a hearing. However, any property scheduled but not otherwise administered at the time of the closing of a case is abandoned to the debtor. 11 U.S.C. § 554(c). Because the parties have not considered whether the claims in this case originating before the bankruptcy petition was filed have been abandoned, or whether Plaintiff otherwise has standing to pursue those claims, we deny Defendants' request to dismiss those claims due to lack of standing.[3]

/ / /

---

[3] Defendants also make a summary argument that Plaintiff's prepetition claims lack any merit based on previous decisions by this Court. Because Defendants have not addressed each claim or settled the issue of standing post-bankruptcy, we decline to dismiss the claims in their entirety at this time, but shall grant Defendants additional time in which to file a second motion to dismiss.

8

1        2. Plaintiff's Non-Prepetition Claims

2    Defendants also seek to dismiss Plaintiff's non-prepetition
3 claims on the basis that they fail on the merits.

4        a. Third Cause of Action for Wrongful Foreclosure

5    Plaintiff alleges in his third cause of action for wrongful
6 foreclosure that Defendants failed to review Plaintiff for a HAMP
7 loan modification.  "[L]oan modifications are not an entitlement,
8 but are linked to decisions that result in profits to taxpayers.
9 Congress did not intend to mandate loan modifications." Williams v.
10 Geithner, No. 09-1959 ADM/JJG, 2009 WL 3757380, at *6 (D. Minn. Nov.
11 9, 2009). Plaintiff is unable to demonstrate that such an allegation
12 forms the basis of a triable claim.

13        b. Seventh Cause of Action for Unjust Enrichment

14    Plaintiff's claim for unjust enrichment fails because there is
15 an express written agreement–the deed of trust–that governs in this
16 case.  Nevada law does not permit a claim for unjust enrichment
17 where an express written contract governs the transaction at issue.
18 Leasepartners Corp. v. Robert L. Brooks Trust, 942 P.2d 182, 187
19 (Nev. 1997) (per curiam).  Thus, Plaintiff's seventh cause of action
20 must be dismissed without leave to amend.

21        c. Eighth Cause of Action to Quiet Title

22    In Nevada, a quiet title action may be brought "by any person
23 against another whom claims an estate or interest in real property,
24 adverse to the person bringing the action, for the purpose of
25 determining such adverse claim."  NEV. REV. STAT. § 40.010.  "In a
26 quiet title action, the burden of proof rests with the plaintiff to
27 prove good title in himself." Breliant v. Preferred Equities Corp.,

28                                9

918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." Lalwani v. Wells Fargo Bank, N.A., No. 2-11-cv-00084, 2011 WL 4574388 at *3 (D. Nev. Sep. 30, 2011) (citing Ferguson v. Avelo Mortg., LLC, No. B223447, 2011 WL 2139143 at *2 (Cal. App. 2d June 1, 2011). Plaintiff has failed to allege that he is not in breach of the loan agreement. While Plaintiff does not expressly admit to being in default on the loan, the complaint, read as a whole, and taking all allegations in favor of Plaintiff, does not show even the barest hint of a dispute over whether Plaintiff was in default. Rather, Plaintiff is challenging the procedure with which foreclosure was initiated against him, not that the loan was not in default. Accordingly, the quiet title claim must be dismissed without leave to amend.

     d. Tenth Cause of Action for Injunctive Relief

Injunctive relief is a remedy, not a separate cause of action. See, e.g., In re Wal-Mart Wage and Hour Employment Practices Litig., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007). As such, Plaintiff's claim for injunctive relief shall be dismissed with the understanding that if the action survives, injunctive relief may be granted as a remedy upon a showing that such relief would be appropriate.

     e. Fourteenth Cause of Action for Negligent Infliction of Emotional Distress

In order to establish a claim for negligent infliction of emotional distress, Plaintiff needs to show "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress." State v. Eighth Judicial Dist. Court

ex rel. Cnty. of Clark, 42 P.3d 233, 241 (Nev. 2002).  Extreme and outrageous conduct is that which is "'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'"  Maduike v. Agency Rent-A-Car, 953 P.2d 24, 26 (Nev. 1998) (citations omitted).  Plaintiff's complaint does not do more than quote the legal elements of such a cause of action, nor is any allegation contained in the complaint indicative of the type of extreme and outrageous conduct necessary to sustain such a claim.  Therefore, Plaintiff's negligent infliction of emotional distress claim must be dismissed without leave to amend.

### V. Motion for Declaratory Relief (#30)

Plaintiff filed a "Motion for Declaratory Relief to Determine Defendant's True Standing to Collect, Calculations of Payments Demanded by Defendants Pursuant to Notice of Default" (#30).  In his Motion (#30), Plaintiff requests that we grant declaratory relief "to determine if the variable numerical/monetary figures for required payments entered pursuant to statements."  (Mot. for Declaratory Relief at 1 (#30).)  Plaintiff cites various provisions of the tax code that do not apply in this mortgage case.  The trust that those provisions refer to are not related to the deed of trust in this case.  Furthermore, the sufficiency of Plaintiff's claims are under consideration, and Plaintiff is not entitled to declaratory relief at this time.

/ / /
/ / /
/ / /

11

## VI. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** Plaintiff's Motion for Preliminary Injunction (#1-4) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (#12) is **DENIED**.

**IT IS FURTHER ORDERED** that Quality's Motion to Dismiss (#7), in which US Bank, N.A. and MERS join, is **GRANTED IN PART AND DENIED IN PART**: Plaintiff's third cause of action for wrongful foreclosure, seventh cause of action for unjust enrichment, eighth cause of action to quiet title, tenth cause of action for injunctive relief, and fourteenth cause of action for negligent infliction of emotional distress are **DISMISSED WITH PREJUDICE** against all Defendants, and Plaintiff's remaining claims shall not be dismissed.

**IT IS FURTHER ORDERED** that Defendants shall have an additional twenty-eight (28) days within which to file a second motion to dismiss addressing Plaintiff's standing to bring the prepetition claims now that his bankruptcy case has been closed, and the merits of those claims, if appropriate.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Declaratory Relief (#30) is **DENIED**.

DATED: March 26, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

12