1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICHARD BLANCHARD,

          Plaintiff(s),

v.

JP MORGAN CHASE BANK, et al.,

          Defendant(s).

2:11-CV-1127 JCM (PAL)

**ORDER**

Presently before the court is defendant Quality Loan Services Corp.'s second motion to dismiss. (Doc. # 41). Defendants Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., and US Bank have joined Quality Loan's motion. (Docs. # 43, 45).[1] Plaintiff Richard Blanchard filed an untimely opposition to defendants' motion, (doc. # 48), and defendants replied (docs. # 49, 50, 51).

Also before this court is plaintiff's motion for an order to show cause. (Doc. # 62). Defendants have responded, (docs. # 65, 67, 68), and plaintiff has replied (doc. # 70). Also before the court is plaintiff's motion for leave to amend complaint. (Doc. # 63). Defendants have responded, (docs. # 64, 66, 69), and plaintiff has replied (doc. # 71).

**I.     Background**

Plaintiff Richard Blanchard is the owner of property located at 2503 Vegas Vic Street,

---

[1] This constitutes all defendants in this action as JP Morgan Chase was terminated from ths action on July 10, 2012, for plaintiff's failure to effect timely service pursuant to FRCP 4(m).

**James C. Mahan**
**U.S. District Judge**

1    Henderson, Nevada. (Doc. # 1-2, 4). The property was financed through the execution of a note and

2    deed of trust promising to repay $360,000.00 in monthly installments to the Mortgage Store of

3    Denver. (Doc. # 7-1).[2] On September 8, 2006, the deed of trust was recorded. (Doc. # 7-1). On

4    September 26, 2006, the Mortgage Store of Denver recorded an assignment in favor of JP Morgan

5    Chase Bank. (Doc. # 7-2).

6        On March 30, 2010, plaintiff filed a voluntary Chapter 7 bankruptcy petition. (Doc. # 7-3).

7    On October 29, 2011, an order terminating an automatic stay as to the property was filed. (Doc. #

8    7-3). On December 8, 2011, plaintiff's Chapter 7 bankruptcy was closed.

9        On November 15, 2010, JP Morgan Chase Bank recorded an assignment of the deed of trust

10   in favor of Mortgage Electronic Systems, Inc. ("MERS"). (Doc. # 7-4). On February 4, 2011, MERS

11   recorded an assignment of the deed of trust in favor of Fannie Mae. (Doc. # 7-5).

12       On February 14, 2011, Fannie Mae recorded a substitution of trustee and appointed Quality

13   Loan Services Corp. as the foreclosure trustee. (Doc. # 7-6). On February 18, 2011, Quality Loan

14   recorded a notice of default and election to sell. (Doc. # 7-7). On June 2, 2011, Quality Loan

15   recorded a notice of sale, scheduling a sale for June 23, 2011. (Doc. # 7-8). The sale was postponed.

16       On June 9, 2011, plaintiff filed this action in state court. (Doc. # 1-2). On July 7, 2011,

17   defendants removed the action to this court. (Doc. # 1).

18   **II.   Motions**

19       **A.    Motion to dismiss (doc. # 41)**

20            **i.    Dismissal pursuant to 7-2**

21       Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any

22   motion constitutes the party's consent to the granting of the motion and is proper grounds for

23   dismissal. *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the

24   district court is required to weigh several factors: "(1) the public's interest in expeditious resolution

25

26   _____

27       [2] Defendants request that the court take judicial notice of exhibits attached to their second motion to dismiss.
     (Doc. # 41). Under Fed. R. of Evid. 201, a court may judicially notice matters of public record. *Mack v. S. Bay Beer
     Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375

28   F.3d 861, 866 n.1 (9th Cir. 2004). Therefore, the court takes judicial notice of these public records.

James C. Mahan
U.S. District Judge

1  of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

2  the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic

3  sanctions."*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d

4  1421, 1423 (9th Cir. 1986)).

5       Here, plaintiff failed to file a timely response to defendants' motion to dismiss. (*See* doc. #

6  46). Plaintiff filed his response 3 days late. The court does not take lightly litigants' failure to

7  observe local rules and court orders; however, given plaintiff's pro se status the court moves to the

8  merits of defendants' motion.

9             **ii.**    **Legal standard**

10      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

11  be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

12  statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell*

13  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

14  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

15  of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

16      "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S.

17  at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to

18  "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

19      In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

20  considering motions to dismiss. First, the court must accept as true all well-pled factual allegations

21  in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.

22  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

23  suffice. *Id*. at 1949.

24      Second, the court must consider whether the factual allegations in the complaint allege a

25  plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint

26  alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the

27  alleged misconduct. *Id*. at 1949.

28

**James C. Mahan**
**U.S. District Judge**

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. July 25, 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. "*Id.*"

Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir.1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### iii.   Discussion

Defendants contend that plaintiff is judicially estopped from bringing his prepetition causes of action due to failure to disclose these causes of action during his bankruptcy proceeding. All of plaintiff's claims, with the exception of the third cause of action for wrongful foreclosure, the eighth

James C. Mahan
U.S. District Judge

- 4 -

1    cause of action for quiet title, the tenth cause of action for injunctive relief, and the fourteenth cause

2    of action for negligent infliction of emotional distress, are based on allegations of predatory lending

3    occurring at the time the loan was originated. The loan at issue in those causes of action originated

4    prior to the filing of the bankruptcy petition.

5        At the commencement of bankruptcy, a debtor must disclose all of his assets to be included

6    in the bankruptcy estate for the potential benefit of creditors. 11 U.S.C. § 521(1); *see also* Cusano

7    v. Klein, 264 F.3d 936, 945–46 (9th Cir. 2001). The bankruptcy estate includes all the debtor's

8    potential claims or causes of action that existed at the time he or she filed for bankruptcy. 11 U.S.C.

9    § 541(a)(1); *see also In re Swift*, 129 F.3d 792, 795 (5th Cir.1997); *In re Coastal Plains, Inc.*, 179

10   F.3d 197, 208–208 (5th Cir. 1999) ("[i]t goes without saying that the Bankruptcy Code and Rules

11   impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including

12   contingent and unliquidated claims.") (italics in original). A debtor need only have "knowledge

13   enough of the facts to know that a cause of action exists during the pendency of the bankruptcy."

14   *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001).

15       A party's failure to disclose causes of action results in judicial estoppel. "[I]n the bankruptcy

16   context, a party is judicially estopped from asserting a cause of action not raised in a reorganization

17   plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id.* at 783; *see also*

18   *Hay v. First Interstate Bank of Kalispell*, 978 F.2d 555, 557 (9th Cir. 1992); *Coastal Plains*, 179

19   F.3d at 208 (debtor is barred from bringing claims not disclosed in its bankruptcy schedules); *Oneida*

20   *Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir. 1988) (debtor's failure to list

21   potential claims against a creditor "worked in opposition to preservation of the integrity of the

22   system which the doctrine of judicial estoppel seeks to protect," and debtor was estoped by reason

23   of such failure to disclose).

24       In this case, there is no dispute that plaintiff failed to disclose his prepetition causes of action

25   in his bankruptcy matter. Plaintiff had knowledge of the facts, *Hamiton*, 270 F.3d at 783, that

26   underlie his prepetition claims for predatory lending practices. That is, plaintiff had knowledge of

27   the facts that underlie his unfair lending practices cause of action (NRS 598(D)), his deceptive trade

28

James C. Mahan
U.S. District Judge

- 5 -

1  practices cause of action, his conspiracy to commit fraud and conversion cause of action, his

2  conspiracy to commit fraud related to MERS system cause of action, his inspection and accounting

3  cause of action, breach of good faith and fair dealing cause of action, his declaratory relief cause of

4  action, his rescission cause of action, his violation of the Fair Housing Act (42 U.S.C. § 3601, et

5  seq.) claim, and his Financial Exploitation of Older Persons (NRS 200.5092(2), 200.5092(5), and

6  657) cause of action.

7      Thus, the court finds that plaintiff is judicially estopped from bringing the above referenced

8  claims. Finding that amendment would be futile, the court dismisses these causes of action with

9  prejudice. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

10     Further, the remaining causes of action relating to post-bankruptcy foreclosure have already

11  been dismissed with prejudice. (*See* doc. # 44). Therefore, all fifteen causes of action in plaintiff's

12  original complaint are dismissed with prejudice.

13      **B.    Motion for order to show cause (doc. # 62)**

14     Plaintiff filed a motion for an order to show cause allowing for defendants to maintain

15  foreclosure actions against plaintiff in violation of Nev. Rev. Stat. 107.086. This statute proscribes

16  additional requirements for sale of owner-occupied housing under Nevada law.

17     Plaintiff is not entitled to an order to show cause because the causes of action relating to

18  wrongful foreclosure have already been analyzed and dismissed with prejudice by this court.[3] Thus,

19  the court denies plaintiff's motion for an order to show cause.

20      **C.    Motion for leave to amend complaint (doc. # 63)**

21          **i.    Legal standard**

22     Plaintiff filed a motion for leave to amend his complaint. Federal Rule of Civil Procedure

23  15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme

24  Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when

25

26          [3] Further, plaintiff's complaint does not allege violation of Nev. Rev. Stat. 107.086. Further, the court denies
27  plaintiff's motion to strike plaintiff's (doc. # 71) to strike defendants' reply (doc. # 65) to plaintiff's motion for order to show cause.

28

**James C. Mahan**
**U.S. District Judge**

1  granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence

2  of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of

3  the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

4  to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the

5  leave sought should, as the rules require, be 'freely given.'"*Id.* at 182.  Thus, a district court should

6  deny a motion to amend where the amendment is an "exercise in futility." *Leadsinger, Inc. v. BMG*

7  *Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

8      A proposed amendment is futile if no set of facts can be proved under the amendment that

9  would constitute a valid clam or defense. *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061

10  (9th Cir. 2003) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). A

11  proposed amendment to a complaint that merely restates and seeks to reinstate claims that already

12  have been dismissed may be properly denied as futile. *Ross v. City of Waukegan*, 5 F.3d 1084 (7th

13  Cir. 1993).

14      In addition, leave to amend may be denied if a court determines that "allegation of other facts

15  consistent with the challenged pleading could not possibly cure the deficiency." *Abagninin v.*

16  *AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quoting *Schreiber Distrib. Co. v.*

17  *Serv–Well Furniture Co.*, 806 F.2d 1393, 1401(9th Cir. 1986)).  The futility analysis determines

18  whether the proposed amendment would survive a challenge of legal sufficiency under Fed R. Civ.

19  P. 12(b)(6). *Miller*, 845 F.2d at 214.

20      In addition to the Rule 15(a) requirements, the local rules of federal practice in the District

21  of Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to

22  amend. LR 15-1(a).

23      **ii.    Discussion**

24      Here, plaintiff has complied with Local Rule 15-1 and submitted an amended complaint

25  along with his motion to amend. (Doc. # 63). While the court acknowledges the extreme liberality

26  Rule 15 proscribes as to granting leave to amend, the court finds that amendment would be futile

27  here. *See Leadsinger, Inc.*, 512 F.3d at 532. The court has already dismissed with prejudice several

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

of the causes of action plaintiff seeks to re-allege (first cause of action for quiet title, second cause of action for aiding/abetting wrongful foreclosure,[4] third cause of action for wrongful foreclosure, ninth cause of action for unjust enrichment, tenth cause of action for injunctive relief, fourteenth cause of action for negligent infliction of emotional distress). (*See* doc. # 44). Thus, plaintiff has been foreclosed from alleging these causes of action against these defendants.

Further, the court has dismissed with prejudice plaintiff's prepetition causes of action. Although plaintiff's causes of action in his amended complaint are different from those in the original complaint, the same principal applies: "a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton*, 270 F.3d at 783. Those causes of action in plaintiff's amended complaint that arose prepetition are plaintiff's fifth cause of action for unlawful reliance on falsified documents against property rights (NRS 107.080), thirteenth claim for violation of the Fair Housing Act (42 U.S.C. § 3601), and plaintiff's fifteenth cause of action for Financial Exploitation of Older Persons (NRS 41.1395 , 200.5092(2), 200.5092(5), 657.220-270). Since some of these causes of action have already been determined to be judicially estopped (thirteenth and fifteenth causes of action) and some are similar in nature to those being judicially estopped (fifth cause of action) the court finds that amendment as to these causes of action inappropriate.

Lastly, the court finds that amendment would be futile as to the remaining causes of action: plaintiff's fourth cause of action for unlawful (statutorily defective) foreclosure proceedings (NRS 107.080), plaintiff's sixth cause of action for false recordation concerning title and transfers to real property, plaintiff's seventh cause of action for broken chain of custody (promissory note & assignment rights), plaintiff's eighth cause of action for cancellation of instruments, plaintiff's eleventh cause of action for declaratory relief, and plaintiff's twelfth cause of action for slander of title. Having reviewed the proposed amended complaint, the court finds that these causes of action

---

[4] The court recognizes that wrongful foreclosure was dismissed with prejudice, (doc. # 44); however, a cause of action for aiding/abetting wrongful foreclosure is derivative of wrongful foreclosure.

1  would not likely survive a challenge of legal sufficiency under Fed. R. Civ. P. 12(b)(6). *See Miller*,

2  845 F.2d at 214.

3      Thus, the court denies plaintiff's motion for leave to amend his complaint as to all causes of

4  action in plaintiff's proposed amended complaint.

5  **III.    Conclusion**

6      Accordingly,

7      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants second motion

8  to dismiss (doc. # 41) be, and the same hereby is, GRANTED. These prepetition causes of action are

9  dismissed with prejudice.

10     IT IS FURTHER ORDERED that plaintiff's motion for an order to show cause (doc. # 62)

11 be, and the same hereby is, DENIED.

12     IT IS FURTHER ORDERED that plaintiff's motion for leave to amend complaint (doc. #

13 63) be, and the same hereby is, DENIED.

14     DATED October 18, 2012.

15

16

17 _____

18 **UNITED STATES DISTRICT JUDGE**

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge